ALEXANDER E. WOLF (SBN 299775)
awolf@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, California, 90212
Tel: 872-365-7060

WILLIAM J. EDELMAN (SBN 285177)
wedelman@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel: 771-474-1121

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANTINE POULOPOULOS, individually and on behalf of all similarly situated persons,<br><br>     Plaintiff,<br><br> v.<br><br>OPTICSPLANET, INC.,<br><br>     Defendant. | Case No. 2:24-cv-02511-JLS-KS<br><br>**NOTICE OF UNOPPOSED MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Date: Friday, October 3, 2025<br>Time: 10:30 a.m.<br>Dept.: 8A, 8th Floor |

# NOTICE OF MOTION

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, October 3, 2025 at 10:30 a.m., or as soon thereafter as this matter may be heard at the First Street U.S. Courthouse, 350 West 1st St., Los Angeles, CA 90012, Courtroom 8A, 8th Floor, before the Honorable Josephine L. Staton, Plaintiff Constantine Poulopoulos ("Plaintiff") respectfully moves this Court for preliminary approval of the class action Settlement reached in this case, the terms of which Plaintiff describes more specifically in the Memorandum of Points and Authorities in support of this Motion.

Plaintiff requests that the Court enter the proposed Preliminary Approval Order and (1) preliminarily approve the Settlement, (2) certify the Settlement Class for settlement purposes, (3) appoint Plaintiff as the Class Representative, (4) appoint Alexander E. Wolf of Milberg Coleman Bryson Phillips Grossman, PLLC as Settlement Class Counsel, and (5) schedule a Final Approval Hearing.

This motion is based on the Notice of Motion, the accompanying Memorandum of Points and Authorities, the Settlement Agreement, the Declarations of Alexander E. Wolf and Constantine Poulopoulos, the pleadings, records, and other filings in the case, and other such matters and argument as the Court may consider at the hearing of this motion.

Pursuant to L.R. 7-3, this motion is unopposed and is filed with the consent of counsel for Defendant.

Dated:  August 21, 2025

                               MILBERG COLEMAN BRYSON
                               PHILLIPS GROSSMAN, PLLC

                               By: */s/ Alexander E. Wolf*
                               ALEXANDER E. WOLF
                               Attorneys for Plaintiff

# **TABLE OF CONTENTS**

I.      INTRODUCTION. ...................................................................................1

II.     LITIGATION BACKGROUND. ............................................................2

III.    THE SETTLEMENT AGREEMENT.......................................................4

    A.     The Proposed Settlement Class. ...................................................4

    B.     Injunctive Relief and Remedial Measures. ...................................4

    C.     Limited Release of Claims for Injunctive Relief Only. .................6

    D.     Proposed Attorneys' Fees, Litigation Expenses, and Service Award..6

IV.     THE PROPOSED SETTLEMENT WARRANTS APPROVAL. ................7

    A.     Standards for Settlement Approval. ..............................................7

    B.     The Settlement Was Negotiated at Arm's Length. ........................8

    C.     The Recommendations of Experienced Counsel Favors Approval. ....8

    D.     The Proposed Settlement is Reasonable. ......................................9

    E.     The Stage of the Litigation Favors Approval.................................11

    F.     No Governmental Participant.........................................................12

    G.     Notice to the Settlement Class is Not Required. ...........................12

V.      CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE FOR SETTLEMENT PURPOSES.................................................................13

    A.     Standards for Certification of the Settlement Class. ......................13

    B.     The Settlement Class Is So Numerous that Joinder of All Settlement Class Members Is Impracticable. ................................................................13

    C.     Questions of Law and Fact Are Common to the Settlement Class....14

    D.     Plaintiff's Claims Are Typical of the Settlement Class. ................14

    E.     Plaintiff and Plaintiff's Counsel Will Fairly and Adequately Protect the Interests of the Settlement Class. ................................................................15

    F.     Injunctive Relief Is Appropriate Because Defendant Allegedly Acted, or Refused to Act, on Grounds That Apply Generally to the Settlement Class. ................................................................................16

ii

VI.    CONCLUSION.............................................................................................17

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
CASE NO. 2:24-CV-02511-JLS-KS

# TABLE OF AUTHORITIES

**Cases**                                                               **Page(s)**

*Abdeljalil v. GE Capital Corp.*,
  306 F.R.D. 303 (S.D. Cal. 2015) ................................................. 14

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)......................................... 14

*Baby Neal for & by Kanter v. Casey*,
  43 F.3d 48 (3d Cir. 1994)............................................................ 18

*Bailey v. Rite Aid Corp.*,
  338 F.R.D. 390 (N.D. Cal. 2021)................................................ 14

*Barbosa v. Cargill Meat Sols. Corp.*,
  297 F.R.D. 431 (E.D. Cal. 2013) ................................................ 17

*Beltran v. Olam Spices & Vegetables Inc.*,
  2021 WL 2284465 (E.D. Cal. June 4, 2021) ............................... 10

*Chado v. Nat'l Auto Inspections, LLC*,
  No. CV ADC-17-2945, 2018 WL 3420018 (D. Md. July 13, 2018)......................... 15

*Chan v. Sutter Health Sacramento Sierra Region*,
  2016 WL 7638111 (C.D. Cal. June 9, 2016) ............................... 13

*Churchill Vill., LLC v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ........................................................ 8

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ................................................... 10

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ..................................................... 16

*Farrar v. Workhorse Grp., Inc.*,
  No. CV2102072CJCPVCX, 2023 WL 5505981 (C.D. Cal. July 24, 2023) ............... 8

*Grant v. Capital Mgmt. Servs., L.P.*,
  No. 10-CV-2471-WQH, 2014 WL 888665 (S.D. Cal. Mar. 5, 2014) ....................... 12

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ............................................................ 16, 17

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) .................................................................... 9

*In re California Pizza Kitchen Data Breach Litig.*,
   129 F.4th 667 (9th Cir. 2025) ................................................................... 9

*In re Emulex Corp. Sec. Litig.*,
   210 F.R.D. 717 (C.D. Cal. 2002) ............................................................ 17

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) .................................................................. 12

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015) .................................................................... 8

*In re Syncor ERISA Litig.*,
   516 F.3d 1095 (9th Cir. 2008) .............................................................. 9, 10

*In re Tobacco Cases II*,
   240 Cal. App. 4th 779 (2015) ................................................................ 10

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Li*ab. Litig.,
   895 F.3d 597 (9th Cir. 2018) ................................................................. 16

*Kline v. Dymatize Enterprises, LLC*,
   No. 15-CV-2348-AJB-RBB, 2016 WL 6026330 (S.D. Cal. Oct. 13, 2016).................
   ........................................................................................... 9, 11, 12, 14

*Knapp v. Art.com, Inc.*,
   283 F. Supp. 3d 823 (N.D. Cal. 2017) ................................................... 11

*Kwikset Corp. v. Superior Ct.*,
   51 Cal. 4th 310 (2011) ......................................................................... 11

*Lilly v. Jamba Juice Co.*,
   2015 WL 1248027 (N.D. Cal. March 8, 2015)....................................... 13

v

*Lilly v. Jamba Juice Co.*,

    2015 WL 2062858 (N.D. Cal. May 4, 2015) ................................................... 11

*Lyon v. United States Immigration & Customs Enforcement*,

    300 F.R.D. 628 (N.D. Cal. 2014) ..................................................................... 13

*Matheson v. T-Bone Rest., LLC*,

    2011 WL 6268216 (S.D.N.Y. Dec. 13, 2011) .............................................. 12

*Mazza v. Am. Honda Motor Co.*,

    666 F.3d 581 (9th Cir. 2012) ........................................................................... 15

*Moreno v. San Francisco Bay Area Rapid Transit Dist.*,

    2019 WL 343472 (N.D. Cal. Jan. 28, 2019) ................................................. 11

*Officers for Justice v. Civil Serv. Comm'n*,

    688 F.2d 615 (9th Cir. 1982) ............................................................................. 9

*Padilla v. Whitewave Foods Co.*,

    No. 2:18-CV-09327-SB-JC, 2021 WL 4902387 (C.D. Cal. July 15, 2021) ............... 7

*Padilla v. Whitewave Foods Co.*,

    No. 2:18-CV-09327-SB-JC, 2021 WL 4902398 (C.D. Cal. May 10, 2021) ............. 13

*People v. Overstock.com, Inc.*,

    12 Cal. App. 5th 1064 (2017) ........................................................................... 6

*Real v. Y.M.I. Jeanswear, Inc.*,

    No. EDCV170870JGBDTBX, 2017 WL 11675686 (C.D. Cal. Sept. 1, 2017) ........... 6

*Rodriguez v. Hayes*,

    591 F.3d 1105 (9th Cir. 2010) ......................................................................... 18

*Stathakos v. Columbia Sportswear Co.*,

    No. 4:15-CV-04543-YGR, 2018 WL 582564 (N.D. Cal. Jan. 25, 2018) ................. 13

*The Civil Rights Educ. & Enf't Ctr. v. RLJ Lodging Tr.*,

    2016 WL 314400 (N.D. Cal. Jan. 25, 2016) ................................................. 15

*United States v. Odessa Union Warehouse Co-op*,

    833 F.2d 172 (9th Cir. 1987) ........................................................................... 18

*Villegas v. J.P. Morgan Chase & Co.*,

    No. CV 09–00261 SBA (EMC), 2012 WL 5878390 (N.D. Cal. Nov. 21, 2012) ........ 9

*Wal-Mart Stores, Inc. v. Dukes*,

    564 U.S. 338 (2011) ...................................................................................... 13, 14, 15

**Statutes**

28 U.S.C. § 1715(b) ............................................................................................... 13

Cal. Civ. Code § 1750 .............................................................................................. 3

Cal. Bus. & Prof. Code § 17200 ......................................................................... 3, 15

Cal. Bus. & Prof. Code § 17500 ......................................................................... 3, 15

Cal. Bus. & Prof. Code § 17501 ............................................................................. 5

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... 8, 14

Fed. R. Civ. P. 23(a) ........................................................................................ 14, 17

Fed. R. Civ. P. 23(a)(1) ......................................................................................... 14

Fed. R. Civ. P. 23(a)(2) ......................................................................................... 15

Fed. R. Civ. P. 23(a)(3) ......................................................................................... 15

Fed. R. Civ. P. 23(a)(4) ......................................................................................... 16

Fed. R. Civ. P. 23(b) ............................................................................................. 14

Fed. R. Civ. P. 23(b)(1) ......................................................................................... 17

Fed. R. Civ. P. 23(b)(2) .................................................................................... 17, 18

Fed. R. Civ. P. 23(b)(3) ......................................................................................... 17

Fed. R. Civ. P. 23(e) ............................................................................................... 9

Fed. R. Civ. P. 23(e)(2) ....................................................................................... 8, 9

Fed. R. Civ. P. 23(e)(3) ........................................................................................... 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION.

Plaintiff Constantine Poulopoulos ("Plaintiff")[1] moves unopposed for an order granting preliminary approval of the Class Settlement Agreement reached with Defendant OpticsPlanet, Inc. ("Defendant" or "OpticsPlanet"). Plaintiff brought this action on behalf of himself and all similarly situated persons alleging the advertised reference prices and discounts on Defendant's e-commerce website, OpticsPlanet.com, were deceptive. Plaintiff's central claim is that the reference prices were not necessarily former or regular prices charged on the website (or, alternatively, in the marketplace) and thus were misleading as advertised. Defendant, however, denied and continues to deny these allegations. Among other things, Defendant asserts its pricing and discounting practices were not misleading, consumers received products at the agreed prices, and the vast majority of advertised reference prices were bona fide MSRPs.

The Parties have now reached a settlement, memorialized in the Class Settlement Agreement ("Settlement Agreement" or "Settlement"), attached to the Declaration of Alexander E. Wolf ("Wolf Decl.") as **Ex. 1**,[2] which directly addresses this core issue— i.e., a stipulated injunction requiring Defendant to conspicuously define and explain the reference price, and eliminate the potential for consumer confusion regarding former prices and market prices. Ex. 1 ¶ 3. This change was obtained after extensive arm's length negotiations, motion practice, and mediation with an experienced neutral. In exchange, class members will only release their claims for injunctive relief without waiving any right to money damages. Given the scope and breadth of this injunctive relief, and tailored release, Plaintiff respectfully submits the benefits of this settlement outweigh the risks of

---

[1] Capitalized terms that are otherwise undefined have the same meaning as in the Settlement Agreement.

[2] All "Ex." citations are to the Declaration of Alexander E. Wolf.

continued litigation, and the settlement merits approval.

## II.    LITIGATION BACKGROUND.

Defendant OpticsPlanet, Inc. is an online retailer of various sporting, shooting, hunting, and outdoors products, including without limitation optics, gun parts, ammunition, hunting gear, outdoor and survival gear, apparel, footwear, and hundreds of other categories. First Amended Class Action Complaint ("FAC") (Dkt. 40) ¶¶ 8, 12-15. Plaintiff is a California resident who purchased products from the website, namely a Sig Sauer Romeo 1Pro 1x30mm Red Dot Sight, an FN America Barrel Side Rail, and a Spike's Tactical Buffer Spring Mil-Spec. *Id.* ¶¶ 7, 32-40. At issue is Defendant's alleged violation of California's "prohibition on advertising non-existent sales." *Id.* ¶ 1. Plaintiff alleges that most if not all products on the website are represented as being discounted from a substantially higher reference price. *Id.* ¶ 17. The supposed markdowns are represented to the consumer by prominently displaying a "'crossed-out' reference price next to the sale price." *Id.* Next to the crossed-out reference price and the sales price is a "Save ___%" label, reflecting how large of a discount there is between the crossed-out reference price and the sales price. *Id.* ¶¶ 17-18.

Plaintiff alleges the crossed-out reference price and "Save ___%" label convey to a reasonable consumer "that the product was listed or sold on the [OpticsPlanet] website at the reference price, in the recent past and for a substantial period of time, but is now being listed and sold to the customer at a substantial discount." *Id.* And Plaintiff contends that Defendant's price advertising is false or misleading because the products were not, in fact, recently offered on the OpticsPlanet website at the crossed-out price. *Id.* ¶¶ 20-25 (listing examples). Plaintiff alternatively alleges that, to the extent the crossed-out reference price is understood by a reasonable consumer to reflect the product's market price, the reference prices on OpticsPlanet's website products are not necessarily prevailing market prices and thus are misleading. *Id.* ¶¶ 27–31.

Based on these allegations, the Action was filed on March 27, 2024 and the operative FAC was filed on January 6, 2025. The Action alleged violations of California

consumer protection statutes and common law claims, namely, the California Unfair Competition Law ("UCL") (Bus. & Prof. Code § 17200 et seq.), the California False Advertising Law ("FAL") (Bus. & Prof. Code § 17500 et seq.), the Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750 et seq.), and fraudulent and negligent misrepresentation.

The Parties engaged in litigation over an eighteen-month period. Wolf Decl. ¶ 15. Defendant responded to the initial Complaint with a motion to dismiss, which was largely denied on August 8, 2024. *Id.*; Dkt. 26. Since then, the parties engaged in discovery and conferred extensively. Wolf Decl. ¶ 15. The information produced by Defendant included detailed interrogatory responses, which described Defendant's pricing practices and methodology. *Id.* Defendant also produced summary sales data and further detailed its pricing practices in response to Plaintiff's questions. *Id.* Plaintiff, in turn, reviewed the documents and information, analyzed the law, applied the law to the facts, and aggressively pursued relief for the Settlement Class. *Id.*

The Parties participated in a full-day private mediation on December 17, 2024 with Hunter Hughes, Esq., a respected neutral, in hopes of resolving the Action at an early stage. *Id.* ¶ 16. Prior to the mediation, Plaintiff prepared a comprehensive mediation brief that discussed the claims and defenses in detail and produced related documents and research. *Id.* Still, Defendant vigorously asserted that the challenged pricing is legitimate—most commonly a genuine MSRP provided by a supplier; that Defendant's website contains a "pricing policy" FAQ webpage which describes how reference prices are determined; that Plaintiff and the putative class did not overpay; and promoting sales or discounts is a standard practice among retailers. *Id.* ¶ 18. Defendant also denied that this case, if litigated through trial, could be maintained as a class action given a variety of individual factors, including differing SKUs and pricing. *Id.*

The Parties did not reach a settlement at mediation but continued to engage in adversarial negotiations and discovery over the following six months, until a settlement in principle was reached (and a Notice of Settlement filed) on June 30, 2025. *Id.* ¶ 17;

3

Dkt. 51. The Settlement Agreement was executed on August 21, 2025. Under the Settlement, Defendant would stipulate to a mandatory injunction, and Settlement Class Members would release *only* their claims for injunctive relief. Wolf Decl. ¶ 19.

## III.    THE SETTLEMENT AGREEMENT.

### A.    The Proposed Settlement Class.

The proposed Settlement Class is defined as: "all persons in California who purchased one or more Products from www.OpticsPlanet.com, during the Class Period, at a discount from a higher reference price. Excluded from the Settlement Class are governmental entities; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, independent service providers and all of their respective employees, officers, and directors; and the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff." Ex. 1 ¶ 2.19.

The "Class Period" is March 27, 2020 through the date the Preliminary Approval Order is entered. *Id.* ¶ 2.3. The "Products" refers to "all items advertised on www.OpticsPlanet.com at a discount from a higher reference price, including but not limited to optics, gun parts, ammunition, holsters, magazines, targets, lasers, archery equipment, apparel, outdoor equipment, bikes, accessories, and golf equipment." *Id.* ¶ 2.14.

### B.    Injunctive Relief and Remedial Measures.

Under the Settlement, Defendant will provide the Settlement Class with mandatory injunctive relief by way of modifications to Defendant's website, www.OpticsPlanet.com. Screenshots of the website (without the proposed changes) are embedded in the FAC. FAC ¶¶ 16, 17, 20. First, "Defendant shall not advertise reference prices without qualification or description. On the website, Defendant will conspicuously define and explain the meaning of the reference prices. Where the reference prices refer to the 'List Price' as defined by Defendant, the term 'List' or 'List Price' shall appear beside the reference price." Ex. 1 ¶ 3.2. Second, "On product pages where a reference

price is displayed, Defendant agrees to define and explain the reference price using an adjacent conspicuous hyperlink or icon entitled 'Details,' 'Pricing Policy,' or similar verbiage. Alternatively, the reference price itself may be hyperlinked." *Id.* ¶ 3.3. "Clicking and/or hovering a user's mouse pointer on the hyperlink shall lead to a page or popup conspicuously explaining the meaning of the reference price. The disclosure shall make clear that the reference price is not necessarily the former or regular price charged by OpticsPlanet, or the prevailing market price." *Id.* Third, any future changes to Defendant's website disclosures or pricing policies "shall comply with Cal. Bus. & Prof. Code § 17501 so long as products are sold to California residents." *Id.* ¶ 3.4.[3] Fourth, Defendant has three months from the Effective Date to implement the injunctive relief. *Id.* ¶ 3.5.

This injunctive relief addresses the core deceptive advertising allegations at issue. *See Real v. Y.M.I. Jeanswear, Inc.*, No. EDCV170870JGBDTBX, 2017 WL 11675686, at *3 (C.D. Cal. Sept. 1, 2017) ("An advertised discount price can be deceptive because it does not differ from the normal price, the product has rarely been sold at the putative list price, or because the alleged original price constituted a false valuation of the product.").

Indeed, in an analogous action brought by the State of California against Overstock.com which went to trial, the Superior Court entered an injunction "prohibiting Overstock for five years from . . . advertising an ARP [advertised reference price] based on a similar but nonidentical product without disclosure; advertising an ARP based on the highest price found anywhere without regard to whether the ARP reflected a

---

[3] Cal. Bus. & Prof. Code § 17501 (Section 17501 of the FAL) states in relevant part: "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement."

substantial volume of recent sales, without disclosure; [and] . . . using the term MSRP or a similar term unless a clear and conspicuous hyperlink defines that term and states that it may not be the prevailing market price or regular retail price." *People v. Overstock.com, Inc.*, 12 Cal. App. 5th 1064, 1074 (2017). And the Court of Appeal affirmed. *Id.* at 1092.

### C.   Limited Release of Claims for Injunctive Relief Only.

In exchange for the injunctive relief provided by the Settlement, Settlement Class Members will release all, but only, claims for injunctive relief relating to the challenged advertising and pricing practices. Ex. 1 ¶ 2.15. The release expressly does *not* cover claims for damages or monetary relief claims. The release is copied below:

> "Released Claims" means and refers to any and all right to injunctive relief, regardless of legal basis (i.e., constitutional, federal, state, or local, or administrative) and on account of any and all claims, suits, obligations, or cause of actions of every kind and/or nature whatsoever, whether now known or unknown, suspected or unsuspected, asserted or unasserted, latent or patent, at law or in equity, which any Releasing Party now has or may have, which in any way arises out of, is based on, or relates in any way to (i) the advertised discounts for the Products; (ii) the advertised comparison between the sale prices and the regular, former, or market prices for the Products; and/or (iii) the claims or allegations asserted in the operative Complaint filed in this Action. For clarity, the Released Claims are limited to injunctive relief and exclude claims to monetary relief of any kind.

*Id.*

### D.   Proposed Attorneys' Fees, Litigation Expenses, and Service Award.

The Parties negotiated sums for attorneys' fees, expenses, and a service award to Plaintiff, with the amount finally awarded by the Court not affecting the Settlement Class benefits in any way. Ex. 1 ¶¶ 4.1, 4.2. Subject to Court approval, Defendant agreed to pay $260,000 in attorneys' fees, plus costs, and a $5,000 service award to Plaintiff, which will be the subject of a separate motion. *Id.* Counsel will not seek a combined attorneys' fees and cost award that exceeds $275,000. *Id. See Padilla v. Whitewave Foods Co.*, No. 2:18-CV-09327-SB-JC, 2021 WL 4902387, at *1-3 (C.D. Cal. July 15, 2021) (granting final approval of settlement releasing claims for injunctive relief only and awarding

$220,000 attorneys' fees, plus costs and service awards); *Farrar v. Workhorse Grp., Inc.*, No. CV2102072CJCPVCX, 2023 WL 5505981, at *11 (C.D. Cal. July 24, 2023) ("In the Ninth Circuit, a $5,000 incentive award is 'presumptively reasonable.'").

## IV. THE PROPOSED SETTLEMENT WARRANTS APPROVAL.

Plaintiff respectfully submits that the Settlement represents a fair, reasonable, and practical resolution of uncertain litigation and the terms of the Settlement account for the risks and potential rewards of the claims being settled. Wolf Decl. ¶¶ 22-24.

### A.   Standards for Settlement Approval.

Rule 23 requires the Court to determine whether the Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To assess the fairness of a class settlement, Ninth Circuit courts consider factors including: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of future litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)).

The 2018 revisions to Rule 23 similarly provide that courts should consider whether:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
    (i) the costs, risks, and delay of trial and appeal;
    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

7

Fed. R. Civ. P. 23(e)(2). Thus, Rule 23(e) now reflects the factors that courts in this Circuit already considered for settlement approval. *See In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 674 (9th Cir. 2025) (the "key" *Churchill* factors are now "baked into the text of Rule 23(e), and the remaining ones can still be considered for Rule 23(e)(2) analysis.").

"[T]he very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982) (citation omitted). "The proposed settlement is [thus] not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625. Approval is merited where the proposed settlement appears to be fair and is "within the range of possible approval." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008).

### B.    The Settlement Was Negotiated at Arm's Length.

As explained above, the Settlement is the product of adversarial litigation following mediation with a respected mediator. Wolf Decl. ¶¶ 14-20. This factor weighs in favor of approval. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (the "presence of a neutral mediator [is] a factor weighing in favor of a finding of non-collusiveness"); *Kline v. Dymatize Enterprises, LLC*, No. 15-CV-2348-AJB-RBB, 2016 WL 6026330, at *5 (S.D. Cal. Oct. 13, 2016) ("That the settlement was reached with the assistance of an experienced mediator further suggest that the settlement is fair and reasonable."); *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09–00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (noting that private mediation "tends to support the conclusion that the settlement process was not collusive").

### C.    The Recommendations of Experienced Counsel Favors Approval.

This factor weighs in favor of approval where, as here, the Settlement has the support of experienced counsel. *See Beltran v. Olam Spices & Vegetables Inc.*, 2021 WL

2284465, at *14 (E.D. Cal. June 4, 2021) (views of counsel experienced in litigation's subject matter weigh in favor of approval).

Plaintiff is represented by a skilled law firm that possesses vast collective experience in consumer class action lawsuits, like this action. Wolf Decl. ¶¶ 2-13. Defendant, similarly, was represented by King & Spalding LLP during the initial pleadings challenge and mediation, and subsequently replaced by Christopher Langone, Esq. Plaintiff's and Defendant's Counsel support the Settlement, and it is their informed opinion that, given the uncertainty and substantial expense of pursuing claims through trial, the Settlement is fair, reasonable, and adequate. Therefore, the support of counsel for this settlement weighs in favor of its approval.

### D.    The Proposed Settlement is Reasonable.

The Ninth Circuit has adopted a "strong judicial policy that favors settlements" in class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *see also In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("strong judicial policy . . . favors settlements"). Following an investigation of the claims and conduct alleged in the FAC (including review of documents and information produced by Defendant), and considering the risks ahead, Plaintiff and Plaintiff's Counsel believe the terms of the proposed Settlement are fair and in the best interests of the Settlement Class. Wolf Decl. ¶¶ 22-24.

The risk to Plaintiff of continued litigation is considerable. *See In re Tobacco Cases II*, 240 Cal. App. 4th 779, 795 (2015) (discussing in detail the complexity of estimating damages in cases where the harm arises from deceptive advertising). Defendant denied and continues to deny all allegations of wrongdoing and liability. *Id.* ¶ 18. While both sides believe in the merits of their respective positions, alleged false reference pricing cases are notoriously unpredictable. Litigating these cases through class certification and trial requires expert testimony, and the parties' competing experts are almost always in disagreement on the facts and standards. Beyond the merits, if this case were to resume without a settlement, Defendant would argue that a litigation class should

not be certified based on individualized issues as to the variation in products, pricing, and alleged damages. Even if the class were certified, there remains the possibility of decertification following trial and lengthy appeals.

These considerations favor settlement. *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 832 (N.D. Cal. 2017) (approving false discounting settlement where "[c]ase law suggests that plaintiff would have faced challenges in continuing to litigate" and "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results."); *Kline v. Dymatize Enterprises, LLC*, 2016 WL 6026330, at *5 (S.D. Cal. Oct. 13, 2016) ("[W]hile confident in the merits of their case, Plaintiffs are cognizant of the inherent risks of lengthy litigation. Defendant adamantly denies liability and Plaintiffs' ability to obtain class certification. The proposed settlement adequately accounts for these risks.").

Against this backdrop, the Settlement presents a reasonable and adequate resolution to this case. Injunctive relief is the "primary form of relief under the UCL." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 337 (2011). Injunctive relief settlements are also common and favored where, as here, individual class members are not releasing their claims for money damages and the injunctive relief addresses the allegedly unlawful practices. *E.g., Moreno v. San Francisco Bay Area Rapid Transit Dist.*, 2019 WL 343472, at *3-4 (N.D. Cal. Jan. 28, 2019) ("Although class members do not receive monetary relief as a result of the settlement, the case was only certified for injunctive relief purposes and class members are free to bring individual damages claims. Accordingly, this factor weighs in favor of approving the settlement."); *Lilly v. Jamba Juice Co.*, 2015 WL 2062858, at *2-4 (N.D. Cal. May 4, 2015) (approving injunctive relief settlement forcing juice-seller to repackage challenged products, omitting allegedly deceptive "all natural" labeling).

Stated differently, "[w]hile the class will not receive monetary compensation," the class is not releasing any claims for money damages and "the proposed settlement provides significant injunctive relief" such that settlement approval is warranted. *Kline v.*

10

*Dymatize Enterprises, LLC*, 2016 WL 6026330, at \*5 (S.D. Cal. Oct. 13, 2016) (approving injunctive relief only class settlement). And as explained in *Grant v. Capital Mgmt. Servs., L.P.*, No. 10-CV-2471-WQH, 2014 WL 888665 (S.D. Cal. Mar. 5, 2014):

> [The injunction] stops the allegedly unlawful practices, bars Defendant from similar practices in the future, and does not prevent class members from seeking legal recourse. Other courts have approved similar settlements providing solely injunctive relief, attorneys' fees, costs, and damages to named plaintiffs.

*Id.*, at \*4.

In sum, though Plaintiff and Plaintiff's Counsel believe in the merits of the case, settlement here avoids significant uncertainty while ending the challenged conduct without sacrificing any Settlement Class Member's right to pursue damages. These considerations weigh sharply in favor of approval.

### E.    The Stage of the Litigation Favors Approval.

Even where a settlement is reached at a relatively early stage, approval is warranted where the consideration is commensurate with the risks of litigation and the release. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ("[F]ormal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement."); *see also Matheson v. T-Bone Rest., LLC*, 2011 WL 6268216, at \*5 (S.D.N.Y. Dec. 13, 2011) (granting final approval where parties engaged in informal information exchange with no depositions because "Plaintiffs obtained sufficient discovery to weigh the strengths and weaknesses of their claims" and "[t]he parties' participation in a day-long mediation allowed them to further explore the claims and defenses").

Here, the litigation reached a stage whereby Plaintiff's counsel had sufficient information to evaluate the merits of the claims asserted. Wolf Decl. ¶ 19. The exchange of formal and informal discovery and legal argument, prior to, during, and after the mediation, permitted an informed assessment of the case. *Id.* ¶¶ 14-20. This thoroughness and consistently adversarial posture favors preliminary approval.

**F.    No Governmental Participant.**

No governmental agency is involved in this litigation, but the Attorney General of the United States and California will be notified of the proposed Settlement in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). Ex. 1 ¶ 7.2.

**G.    Notice to the Settlement Class is Not Required.**

Generally, settlement class members are entitled to receive the best notice practicable and an opportunity to object or opt-out. But an injunctive relief settlement under Rule 23(b)(2) neither requires that absent class members be given notice of class certification nor allows class members the opportunity to opt-out of the class action. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) ("The Rule provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice."). *See also Lilly v. Jamba Juice Co*., 2015 WL 1248027, *8-9 (N.D. Cal. March 8, 2015) (class notice not necessary in a Rule 23(b)(2) settlement regarding product labeling changes); *Lyon v. United States Immigration & Customs Enforcement*, 300 F.R.D. 628, 635 (N.D. Cal. 2014) ("[I]n a Rule 23(b)(2) class action, notice may be given but is not required, and there is no requirement that a class member be given an opportunity to exclude himself or herself from the lawsuit."); *Chan v. Sutter Health Sacramento Sierra Region*, 2016 WL 7638111, at *14 (C.D. Cal. June 9, 2016) (declining to require notice when "the Class Members' rights [would] not be prejudiced by the Settlement Agreement").

Indeed, courts regularly approve injunctive relief-only settlements without formal notice to the class. *See, e.g., Padilla v. Whitewave Foods Co*., No. 2:18-CV-09327-SB-JC, 2021 WL 4902398, at *4 (C.D. Cal. May 10, 2021) (granting preliminary approval of injunctive relief only settlement and holding no class notice required); *Stathakos v. Columbia Sportswear Co*., No. 4:15-CV-04543-YGR, 2018 WL 582564, at *3 (N.D. Cal. Jan. 25, 2018) (granting settlement approval and stating: "In injunctive relief only class actions certified under Rule 23(b)(2), federal courts across the country have uniformly held that notice is not required.") (collecting cases); *Kline*, 2016 WL 6026330, at *6

(approving injunctive relief only class settlement and choosing to "not direct notice because the settlement does not alter the unnamed class members' legal rights.").

Settlement of the instant case will not prejudice absent Settlement Class Members who, as discussed above, retain their rights to sue for any damages they may have incurred from the alleged practices. Settlement Class Members only waive injunctive relief that seeks to redress the practices at issue here—which are adequately remedied by this Settlement. Thus, Settlement Class Members will receive the benefit of the injunctive relief, but they are not releasing any claims for monetary relief. Under these circumstances, notice to the Settlement Class Members of this proposed injunctive relief settlement adds nothing of value and is unnecessary.

## V.    CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE FOR SETTLEMENT PURPOSES.

### A.    Standards for Certification of the Settlement Class.

Parties seeking class certification for settlement purposes must satisfy the requirements of Fed. R. Civ. P. 23. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). All the requirements of Rule 23(a) must be met, and "at least one of the three requirements listed in Rule 23(b)." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). The proposed Settlement Class easily satisfies these criteria.

### B.    The Settlement Class Is So Numerous that Joinder of All Settlement Class Members Is Impracticable.

Rule 23(a)(1) requires "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). "Although there is no exact number, some courts have held that numerosity may be presumed when the class comprises forty or more members." *Bailey v. Rite Aid Corp.*, 338 F.R.D. 390, 398 (N.D. Cal. 2021).

Here, according to Defendant's records, there are over 100,000 Settlement Class members in California. Wolf Decl. ¶ 26. Thus, the Settlement Class is sufficiently numerous. *See Abdeljalil v. GE Capital Corp.*, 306 F.R.D. 303, 308 (S.D. Cal. 2015) ("Based on the record presented, it is clearly reasonable that at least 40 class members or

13

more can be identified from defendant's 340 million account holders."); *The Civil Rights Educ. & Enf't Ctr. v. RLJ Lodging Tr.*, 2016 WL 314400, at *6 (N.D. Cal. Jan. 25, 2016) (noting this requirement is "relaxed" where the class seeks injunctive relief only).

### C.    Questions of Law and Fact Are Common to the Settlement Class.

The commonality requirement is satisfied where "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The operative criterion for commonality is "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "This requirement is not onerous." *Chado v. Nat'l Auto Inspections, LLC*, No. CV ADC-17-2945, 2018 WL 3420018, at *6 (D. Md. July 13, 2018); *see also Mazza v. Am. Honda Motor Co*., 666 F.3d 581, 589 (9th Cir. 2012) (characterizing commonality as a "limited burden"). A single common question of law or fact satisfies this requirement. *Dukes*, 564 U.S. at 369.

Here, for purposes of settlement, the proposed Settlement Class's claims all stem from the same factual circumstances, specifically that Settlement Class members purchased one or more of the Products at a discount during the Class Period. Ex. 1 ¶¶ 2.14, 2.19. Plaintiff's claims present a number of questions of law that are common to all members of the Settlement Class, including (1) whether Defendant advertised price discounts from deceptive reference prices on the website, (2) whether Defendant's reference pricing violated the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, et seq., and (3) whether Defendant's reference pricing violated the False Advertising Law, Cal. Bus & Prof. Code § 17500, et seq. FAC ¶ 63.

The central factual issues and their legal consequences are common to all Settlement Class members, and Plaintiff seeks the same remedy as the Settlement Class—injunctive relief. As such, the Settlement Class satisfies the commonality requirement.

### D.    Plaintiff's Claims Are Typical of the Settlement Class.

A plaintiff's claims satisfy the typicality requirement of Rule 23(a)(3) if they arise from the same event, practice, or course of conduct that gives rise to claims of other class

members, and the claims asserted are based on the same legal theory. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("[C]laims are 'typical' if they are reasonably co-extensive with those of absent Class Members; they need not be substantially identical."). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct, which is not unique to the named plaintiffs, and whether other Class Members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (internal quotation marks and citation omitted).

In this case, the claims raised by Plaintiff on behalf of himself and the Settlement Class arise from the Defendant's same course of conduct, as specified in the FAC, and are based on the same legal theories. Plaintiff is a member of the class he seeks to represent, and suffered the same harm alleged. Thus, Plaintiff satisfies the typicality requirement because his claims and the Settlement Class members' claims arise from the same set of operative facts and circumstances concerning the Products. Declaration of Constantine Poulopulos ¶¶ 3-6.

**E.    Plaintiff and Plaintiff's Counsel Will Fairly and Adequately Protect the Interests of the Settlement Class.**

Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interests of the class," which requires that the named plaintiffs (1) not have conflicts of interest with the proposed Class; and (2) be represented by qualified and competent counsel. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 895 F.3d 597, 607 (9th Cir. 2018).

Here, Plaintiff has (and will continue to) fairly and adequately protect the interests of the Settlement Class because he possesses the same interests and suffered the same alleged injury as the Settlement Class. Wolf Decl. ¶ 35; Poulopoulos Decl. ¶¶ 3-6. He consulted on the drafting of, and reviewed, the operative Complaint. He gathered and provided information, and responded to requests for information, from Counsel. He provided information to Counsel in the lead up to mediation and discussed the mediation

and follow-up negotiations. And he has been diligent in responding to Counsel and have stayed informed of the status of the action, including settlement. Wolf Decl. ¶ 35. Beyond that, Plaintiff undertook substantial risks to his reputation in the public domain and thrust himself into active litigation to enforce an important right for the benefit of the general public—all without any guarantee of compensation. And while Plaintiff was not deposed, he was willing and able. Poulopoulos Decl. ¶ 6.

Further, Plaintiff retained counsel with experience and expertise in litigating consumer class actions—including false reference pricing cases—and counsel dutifully pursued this litigation to obtain important relief on behalf of the Settlement Class. Wolf Decl. ¶¶ 2-13 & Ex. 2 (firm resume). *See also In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002) (in evaluating adequacy of representation, court may examine "the attorneys' professional qualifications, skill, experience, and resources . . . [and] the attorneys' demonstrated performance in the suit itself"); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 443 (E.D. Cal. 2013) ("There is no challenge to the competency of the Class Counsel, and the Court finds that Plaintiffs are represented by experienced and competent counsel who have litigated numerous class action cases.").

Given the retention of experienced counsel and Plaintiff's efforts in litigating this matter, this requirement is readily satisfied.

## F. Injunctive Relief Is Appropriate Because Defendant Allegedly Acted, or Refused to Act, on Grounds That Apply Generally to the Settlement Class.

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2) or (3)." *Hanlon*, 150 F.3d at 1022. An action is maintainable as a class action if, among other things, "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2). *See also Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) (Rule

23(b)(2) satisfied where plaintiffs "complain of a pattern or practice that is generally applicable to the class as a whole."); *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994) (noting that subsection (b)(2) "is almost automatically satisfied in actions primarily seeking injunctive relief").

Here, Plaintiff alleges that Defendant acted in a way common to the entire Settlement Class and requests injunctive relief to correct the alleged violations. Defendant agreed to the injunction and, therefore, Plaintiff need not conclusively prove that Defendant violated California law in order to obtain injunctive relief. *See United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 176 (9th Cir. 1987) (the court may infer from a defendant's past violations that "future violations are likely to occur"). Of course, without an injunction, Defendant may advertise and sell the Products while omitting the enhanced disclosures and changed marketing language provided by the Settlement.

## VI.   CONCLUSION.

For the foregoing reasons, Plaintiff respectfully submits that the Settlement is fair and merits preliminary approval.


Dated:  August 21, 2025               MILBERG COLEMAN BRYSON
                                      PHILLIPS GROSSMAN, PLLC


                                      By: */s/ Alexander E. Wolf*
                                          ALEXANDER E. WOLF
                                          Attorneys for Plaintiff

## **L.R. 11-6.2 Certificate of Compliance**

The undersigned counsel certifies that this memorandum contains 5,633 words and complies with the 7,000 word limit of L.R. 11-6.1.


Dated:  August 21, 2025                    MILBERG COLEMAN BRYSON
                                           PHILLIPS GROSSMAN, PLLC


                                           By: */s/ Alexander E. Wolf*_____
                                               ALEXANDER E. WOLF
                                               Attorneys for Plaintiff